## EDWARD O'DONNELL ads. EDWARD BREHEN.

The plaintiff made an agreement with the defendant to let him take the sand out of a pit fifty feet wide, the entire length, for the sum of $650, and gave him one year's time to take it out; the agreement was signed by the plaintiff, and not by the defendant. *Held,* that the agreement was for the sale of an interest in lands, and not having been signed by the defendant, is as to him, by force of the statute of frauds, void.

On rule to show cause why verdict should not be set aside.

Submitted on written briefs.

For the defendant, *J. H. Lippincott.*

For the plaintiff, *Jonathan Dixon.*

The opinion of the court was delivered by

DALRIMPLE, J.   When this case was before the court on demurrer, (*vide* 5 *Vroom* 408,) it was held that the contract sued on bound the defendant to pay for the sand sold, on delivery of the contract, and that the stipulation to pay, and that to deliver, were independent, the defendant being bound to pay for the sand on delivery of the contract, and could not resist an action for the purchase money on the ground that it was brought before the property sold was taken from the lots to which it was a part.   The case now comes before the court on rule to show cause why the verdict which the plaintiff has obtained for the whole contract price, less the payments made, should not be set aside and a new trial granted. It appears that the contract of sale on which the plaintiff relies, though in writing, is not signed by the defendant.   It is as follows:

"HUDSON CITY, January 1st, 1868.   $650 contract.   I to-day made the agreement with Edward O'Donnell, to let

him take the sand out of the pit fifty feet wide, the entire length, for the sum of $650, and give him one year's time to take it out, from the date above.

.    (Signed)                    "EDWARD BREHEN, JR."

It seems to me quite clear, though there may be some conflict in the authorities bearing on the question, that this agreement is for the sale of ar interest in lands, and not having been signed by the defendant, is as to him, by force of the statute of frauds, void.    In the case of *Tyler* v. *Bennett*, 5 *A. & E.* 377, it was held that a right to take water from a well is an interest in land, and in *Scorell* v. *Boxall*, 1 *Younge & Jervis* 396, that a sale of growing underwood to be cut by the purchaser, gives an interest in land.    It is settled in New York, after considerable discussion of the point, that the natural produce of the earth is real estate, and *fructus industriales* are. chattels which may be sold by verbal contract, or on execution, as personal property.    *Green* v. *Armstrong*, 1 *Denio* 551 ; *Warren* v. *Leland*, 2 *Barbour* 614 ; *Pierrepont* v. *Barnard*, 5 *Barbour* 364.    There are cases, undoubtedly, where part of the land may, in contemplation of law be severed from the remainder, and become personal property.

It appeared, on the trial of this case, that the defendant had paid for all of the sand taken.    He contested the plaintiff's right to recover by virtue of the contract for that part of the sand not taken, and which it was alleged and proved the plaintiff had, by deed made subsequent to the contract, sold and conveyed, as part of his soil and freehold, to third parties.    It is immaterial, that the defendant took and removed the sand, pay for which is now claimed by the plaintiff, inasmuch as at that time the ownership of the property was in neither the plaintiff nor defendant, but in the plaintiff's grantees, to whom the defendant was accountable, and to whom he did account for all the sand taken after the deed to them was made by the plaintiff.    The plaintiff is obliged to rely on his contract alone, and that not having

been signed by the defendant, he is not liable thereon, and the rule to show cause must be made absolute.